# EXHIBIT A

to the Complaint in

Sun Valley Orchards, LLC

v.

U.S. Department of Labor and
Martin J. Walsh, in his official capacity as
U.S. Secretary of Labor

**United States Department of Labor**
Wage and Hour Division
3131 Princeton Pike
Building 5, Room 216
Lawrenceville, New Jersey 08648
Tel. (609) 538-8310
Fax (609) 538-8314



Date: June 22, 2016

CERTIFIED MAIL RETURN RECEIPT REQUESTED: 7013 1710 0001 5882 0376

To: Sun Valley Orchards, LLC
Attn: Mr. Russell J. Marino, Jr.
29 Vestry Road
Salem, New Jersey 08085

Subject: Notice of Determination of Wages Owed and Assessing Civil Money Penalties

Case Reference Number: 1765359

Dear Sir(s):

An investigation conducted by this office of Sun Valley Orchards, LLC d/b/a Sun Valley Orchards, relating to the requirements applicable to the employment of H-2A and other workers under the Immigration and Nationality Act (INA) as amended by the Immigration Reform and Control Act (IRCA) (8 U.S.C. 1101(a)(15)(H)(ii)(a),1184(c) and 1186) in Flemington, New Jersey, covering the period from April 13, 2015 through October 10, 2015, disclosed that Sun Valley Orchards, LLC failed to comply with Section 218 of the INA and applicable regulations at 20 C.F.R. Part 655 and 29 C.F.R. Part 501.

As a consequence of these H-2A violations, $369,703.22 in unpaid wages are owed to one hundred and forty seven workers. The specific violations and the wages owed associated with them are set forth in the attached matrix entitled *Summary of Violations*.

In addition, pursuant to Section 218(g)(2) of the INA and its implementing regulations at 29 C.F.R. Part 501, civil money penalties are hereby assessed in the amount of $212,250.00. The specific violations and the civil money penalties associated with them are set forth in the attached matrix entitled *Summary of Violations*.

The full amount(s) reflected above $581,953.22 is due and payable within 30 days to "Wage and Hour Division, U.S. Department of Labor." Payments by certified check or money order should be delivered or mailed to:

> U.S. Department of Labor
> Wage and Hour Division
> The Curtis Center, Suite 850 West
> 170 S. Independence Mall West
> Philadelphia, PA 19106-3317

The fact that the above sanctions/remedies are being imposed for the H-2A violations found at this time does not preclude the taking of other enforcement action as is deemed appropriate by the Department of Labor, or the additional assessments of back wages or civil money penalties for violations of the H-2A provisions found at some future time. Such other enforcement action may include the pursuit of unpaid wages, injunctive action, specific performance of the work contract, and denial or revocation of temporary alien agricultural labor certification.

The dollar amount(s) reflected above constitute a debt owed to the Federal government. This debt is subject to the assessment of interest, administrative cost charges and penalties in accordance with the Debt Collection Act of 1982, and departmental policies. Interest will be assessed at the Treasury Tax and Loan Account Rate on any balance outstanding from the date of this notice, accruing from the notice date. Administrative cost charges will be assessed to help defray the Government's cost of collecting this debt. A penalty at the rate of 6% will be assessed on any portion of the debt remaining delinquent for more than 90 days. In order to avoid these charges, forward payments to the office listed above by the indicated due date.

You have the right to request a hearing on the determination that any or all of the violations occurred. Such request must be dated and in writing; must contain specific reasons why you believe that the violations for which you have been charged did not occur; and must be received within 30 days from the date of this letter by the Administrator, Wage and Hour Division, U.S. Department of Labor, 200 Constitution Avenue, N.W., Room S-3502, Washington, D.C. 20210, with a copy to this office. The procedure for requesting a hearing is provided in Section 501.33 of Regulations, 29 CFR 501. If a request for a hearing is not received within the time specified, the determination of the Administrator shall become the final and unappealable Order of the Secretary.

We would like to call to your attention that when a request for a hearing is filed with the Wage and Hour Administrator, the matter is referred to the Chief Administrative Law Judge. A formal hearing is then scheduled for a final determination with respect to the alleged violations. At such hearing you may, by yourself or through an attorney retained by you, present such witnesses, introduce such evidence and establish such facts as you believe will support your position.

Copies of Section 218 of INA and Regulations, 20 CFR Part 655 and 29 CFR Part 501 can be viewed at www.dol.gov.

Finally, we wish to point out that there may be a question as to the deductibility of civil money penalties paid as a business expense under the Internal Revenue Code. In this regard, you may wish to contact the Internal Revenue Service.

Sincerely,

*Charlene Rachor*

Charlene Rachor
District Director

cc:   Regional Administrator, Mark Watson, Jr.

Enclosures:   Summary of Violations

3

U.S. Department of Labor
Wage and Hour Division

Case ID:     1765359

ACT:         H-2A
EIN:         46-0542793
Name:        Sun Valley Orchards, LLC

ER Address:  29 Vestry Road
             Salem, NJ 08085

Unpaid Wages
Amount Due:  $369,703.22

**THIS SHEET MUST BE INCLUDED WITH PAYMENT**

**YOU MUST WRITE YOUR TAX ID ON YOUR CHECK**

MAIL TO:

U.S. Department of Labor
Wage and Hour Division
The Curtis Center, Suite 850 West
170 S. Independence Mall West
Philadelphia, PA 19106-3317

AMOUNT PAID:    $ _____

- - Regional Office Copy - -

U.S. Department of Labor
Wage and Hour Division

Case ID: 1765359

ACT: H-2A
EIN: 46-0542793
Name: Sun Valley Orchards, LLC

ER Address: 29 Vestry Road
Salem, NJ 08085

Amount Due
In Civil Money
Penalty: $212,250.00

THIS SHEET MUST BE INCLUDED WITH PAYMENT

YOU MUST WRITE YOUR TAX ID ON YOUR CHECK

MAIL TO:

U.S. Department of Labor
Wage and Hour Division
The Curtis Center, Suite 850 West
170 S. Independence Mall West
Philadelphia, PA 19106-3317

AMOUNT PAID: $ _____

DATE OF PMT: _____

CHECK NO. _____

SIGNATURE: _____

- - District Office Copy - -

## Summary of Violations

| Regulatory Requirement Violated | Summary Description | Unpaid Wages Owed | Civil Money Penalty |
|---|---|---|---|
| 20 C.F.R. §655.122(d)(1) | Employer failed to provide for or secure housing for those workers who are not reasonably able to return to their permanent residence at the end of the work day, without charge to the worker, that complies with the applicable housing safety and health standards. Specifically, the investigation disclosed that the housing facility provided for workers was missing window screens and had screen doors not in good repair contributing to the insect infestation throughout the camp. Several bathroom sinks did not have hot water, refuse containers throughout facility were missing fly tight lids and multiple mattresses used by occupants for sleeping purposes were directly on the floor without a bed frame. | $0.00 | $3,600.00 |
| 20 C.F.R. §655.122(g) | Failure to comply with "meals" requirement(s). Specifically, the investigation disclosed that the employer failed to provide free and convenient cooking and kitchen facilities to the workers that would enable them to prepare their own meals. The job offers for these contracts specifically stated that these facilities would be provided to workers. When the employer provides a meal plan, the job offer for the contract must state the charge for such meals, including drinks. The job offer for these contracts does not contain disclosure of meal charges and as such all meal and drink charges must be returned to the workers resulting in back wages being due to 147 affected workers. | $234,079.28 | $198,450.00 |
| 20 C.F.R. §655.122(h)(4) | Failure to provide transportation in compliance with all applicable Federal, State, or local laws and regulations between the worker's living quarters and the employer's worksite without cost to the worker. Specifically, the investigation disclosed that three of the five vehicles used to | $0.00 | $7,500.00 |

| | | | |
|---|---|---|---|
| | transport workers had insufficient tread on the tires for safe operation and one had a non-functioning rear directional. Additionally, the five vehicles used to transport H-2A and corresponding workers were operated by drivers who failed to possess valid, unexpired driver's licenses recognized by the State of New Jersey for operation of same. | | |
| 20 C.F.R. §655.122(i) | **Failure to comply with the three-fourths guarantee.** Specifically, the investigation disclosed that 19 of the H-2A workers on the first contract of 2015 did not meet the ¾ guarantee since they were constructively forced to return home prior to the end of the contract period due to the myriad of misrepresentations on the contract, poor housing conditions, lack of transportation and general mistreatment by the employer and or his farm labor contractor. Additionally, 6 other workers employed in 2015 did not meet the ¾ guarantee based on a review of payroll records. | $135,623.94 | $1,350.00 |
| 20 C.F.R. §655.122(q) | **Failure to comply with requirement to disclose the work contract.** Specifically, the investigation disclosed that the employer provided a copy of the worker contract that did not contain the actual conditions of employment. The contracts do not address the "meal plan" charges and misrepresent that free cooking facilities will be provided to the workers along with free transportation to purchase food. The kitchen facilities were locked, workers had no access to the kitchen for preparation of meals and transportation to purchase food was not provided. | $0.00 | $0.00 |
| 20 C.F.R. §655.122(p) | **Failure to comply with "deductions" requirement(s).** Specifically, the investigation disclosed that the job offer did not specify "all" the deductions not required by law which the employer will make from workers' pay checks. The "meal plan" was not disclosed in the job offer or the contract. The back wages associated with this violation and penalty for same are addressed above in 20 CFR 655.122(g). | $0.00 | $0.00 |

7

| | | | |
|---|---|---|---|
| 29 C.F.R. §501.5 | The investigation disclosed that Russell J. Marino sought to have covered workers waive rights conferred under sec. 218 of the INA, regulations at 20 C.F.R. § 655, or regulations at 29 C.F.R. § 501. Specifically, the investigation disclosed that the employer and or his farm labor contractor coerced workers leaving the contracts prior to the ending date to sign a form created by Sun Valley Orchards, LLC stating that they were leaving early for "personal reasons" in an attempt to have them waive their ¾ guarantee rights as party to the contracts. Workers left the job early due to the conditions stated above in 20 CFR 655.122(i) and/or because of misrepresentations by the employer and/or his farm labor contractor. | $0.00 | $1,350.00 |
| Total | | $369,703.22 | $212,250.00 |

8