THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUN VALLEY ORCHARDS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF LABOR, *et al.*, <br><br> Defendants. | Case No. 1:21-cv-16625-JHR-MJS |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**ADDITIONAL NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff recently notified this Court of the Supreme Court's decision in *West Virginia v. EPA*, which, Plaintiff says, "supports Sun Valley's claims that DOL's agency adjudication lacks Congressional authorization." Pl.'s Notice at 1, ECF No. 28. But *West Virginia* has no applicability here, and even if it did, Sun Valley's claim would remain meritless. In *West Virginia*, the Supreme Court held that in "certain extraordinary cases," an agency "must point to clear congressional authorization for the power it claims," rather than a "merely plausible textual basis." *West Virginia v. EPA*, 142 S. Ct. 2587, 2609 (2022). Such "extraordinary cases" involve "major policy decisions" of "economic and political significance" with "assertions of extravagant statutory power over the national economy," *id.* at 2608–09, especially when an agency "claim[s] to discover in a long-extant statute an unheralded power representing a transformative expansion in its regulatory authority," *id.* at 2610 (citations omitted).

The Secretary of Labor's decisions about how to punish individual H-2A violators—here, a single New Jersey farm—do not come remotely close to the "extraordinary cases" described by the Supreme Court, like the EPA's assertion of authority to regulate millions of sources (such as hotels and office buildings) that emit greenhouse gasses, or OSHA's assertion of authority to require 84 million Americans either to obtain a COVID–19 vaccine or undergo

1

weekly medical testing.  *Id.* at 2608–09 (citing *Utility Air Regulatory Group v. EPA*, 573 U.S. 302 (2014) and *NFIB v. OSHA*, 142 S. Ct. 661 (2022)).  Quite the opposite: the Secretary's use of an adjudicatory process for H-2A violations is purely internal to the Labor Department with no outside effects whatsoever, let alone effects of "economic and political significance" that impact "the national economy."  *Id.*  And far from discovering "in a long-extant statute an unheralded power," *id.* at 2610, the Labor Department has imposed back wages and penalties through its own adjudications for decades.  *See* Defs.' Mot. at 1, 15 n.4, ECF No. 22; Defs.' Reply at 1, 24, ECF No. 27.

But even if this case were somehow deemed extraordinary, it wouldn't matter.  As Defendants have repeatedly explained, Congress clearly gave the Secretary authority to "take such actions . . . as may be necessary to assure employer compliance with terms and conditions of employment under" the H-2A program, along with authority to "prescribe regulations for the government of his department" and "the distribution and performance of its business." 5 U.S.C. § 301; 8 U.S.C. § 1188(g)(2); Defs.' Mot. at 29–34; Defs.' Reply at 18–21.  Not to mention that "the formulation of procedures [i]s basically to be left within the discretion of the agencies to which Congress had confided the responsibility for substantive judgments." *Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 524 (1978).  So Plaintiff's claim that "DOL has pointed to no [ ] clear authorization here" is baseless.  Pl.'s Notice at 2, ECF No. 28.

DATED:  July 22, 2022                    Respectfully submitted,

                                                BRIAN M. BOYNTON
                                                Principal Deputy Assistant Attorney General

                                                BRAD P. ROSENBERG
                                                Assistant Director, Federal Programs Branch

                                                */s/ Stephen Ehrlich*
                                                STEPHEN EHRLICH
                                                Trial Attorney
                                                U.S. Department of Justice
                                                Civil Division, Federal Programs Branch
                                                1100 L Street, NW
                                                Washington, DC  20005
                                                Phone:  (202) 305-9803
                                                Email:  stephen.ehrlich@usdoj.gov

                                                *Attorneys for Defendants*