## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUN VALLEY ORCHARDS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF LABOR, and MARTIN J. WALSH, in his official capacity as United States Secretary of Labor,<br><br>*Defendants.* | Case No. 1:21-CV-16625-JHR-MJS<br><br>**PLAINTIFF'S THIRD NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiff Sun Valley Orchards, LLC hereby submits as supplemental authority in support of its Partial Motion for Summary Judgment (ECF 19) and in opposition to Defendants' Motion to Dismiss and Cross-Motion for Summary Judgment (ECF 22) the opinion of the United States Supreme Court in *Axon Enterprise, Inc. v. FTC*, 598 U.S. __, 2023 WL 2938328 (Apr. 14, 2023) (attached as Exhibit A).

The opinion in *Axon Enterprise* rebuts the government's various assertions that the Court cannot adjudicate Plaintiff's structural constitutional challenges because those challenges were not previously raised before DOL's in-house agency judges. In *Axon Enterprise*, the Supreme Court held that plaintiffs can bring structural constitutional challenges to agency adjudication without first raising the challenges in the agency adjudication itself, because such claims are ultimately separate from the merits of the issues before the agency and because such claims lie outside the agency's expertise. *See* 2023 WL 2938328 at *10 ("The Commission knows a good deal about competition policy, but nothing special about the separation of powers.").

While *Axon Enterprise* involved that threshold procedural issue, Justice Thomas also wrote separately to offer thoughts on the merits—and those thoughts are highly relevant to Plaintiff's Article III challenge here. *See* 2023 WL 2938328 at *11. Justice Thomas articulated a definition of "private rights" that would encompass "the three 'absolute' rights, life, liberty, and property," and suggested that "[c]ases involving deprivations or transfers of life, liberty, or property constitute a 'core' of cases that must be resolved by Article III courts—not executive adjudicators 'dressed up as courts.'" *Id.* at *12 (marks and citation omitted). Applying that rule, Justice Thomas opined that "the threat of significant monetary fines" implicates "core private rights that must be adjudicated by Article III courts," *id.* at *14, and he characterized a $22,500 civil monetary penalty as just such a "significant" fine, *id.* For the same reason, the near half-million dollars in liability imposed by DOL's in-house agency judges here violated the structural constitutional provisions of Article III.

Dated: April 17, 2023                    Respectfully submitted,

/s/ *Scott M. Wilhelm*
Scott M. Wilhelm

Robert E. Johnson*
INSTITUTE FOR JUSTICE
16781 Chargin Blvd., #256
Shaker Heights, OH 44120
Tel: (703) 682-9320 Fax: (703) 682-9321
Email: rjohnson@ij.org

Robert M. Belden*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320 Fax: (703) 682-9321
Email: rbelden@ij.org

*Admitted *pro hac vice*

Scott M. Wilhelm
WINEGAR, WILHELM, GLYNN & ROEMERSMA, P.C.
305 Roseberry Street, P.O. Box 800
Phillipsburg, NJ 08865
Tel: (908) 454-3200 Fax: (908) 454-3322
Email: wilhelms@wwgrlaw.com

*Attorneys for Plaintiff Sun Valley Orchards, LLC*

3